UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

    Plaintiff,

v.

DYKEMA GOSSETT, P.L.L.C,

    Defendant.

Case No. 22-cv-11733

Honorable Gershwin A. Drain

Magistrate Judge Elizabeth A. Stafford

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone:  (248) 540-6800
Fax:  (248) 540-6814
sbatey@bateylaw.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Answer and Affirmative Defenses to
Plaintiff's Complaint and Jury Demand**

NOW COMES Defendant DYKEMA GOSSETT, P.L.L.C, by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and in answer to Plaintiff's Complaint, states the following:

### Jurisdiction and Parties

1. Defendant lacks current knowledge or information sufficient to form a belief about the truth of this allegation, but admits that Plaintiff had previously represented, while an employee, that she was a resident of Lansing, Ingham County, Michigan.

2. Denied that Defendant is a domestic limited liability company; it is a domestic professional limited liability company. Otherwise, admitted.

3. Denied that there was any cognizable injury but admitted that the allegations in the complaint relate to Ingham County, Michigan. It is further denied that Ingham County falls within the boundaries of the United States District Court for the Eastern District of Michigan. Rather, Ingham County falls within the United States District Court for the Western District of Michigan. Admitted that the Court has subject matter jurisdiction of Plaintiff's federal statutory claim under 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's related state claims under 28 U.S.C. § 1367. Insofar as Plaintiff fails to identify which subpart(s) of 28 U.S.C. §§ 1391(b) and 1391(c) she relies upon for venue, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. However,

denied that the Eastern District of Michigan is the appropriate venue for this matter given Plaintiff's erroneous assertion about which federal judicial district encompasses Ingham County. If not dismissed, this case should be transferred to the Western District of Michigan where the events alleged would have occurred.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations as to amount in controversy. Admitted that this Court has subject-matter jurisdiction. Denied that venue is appropriate in this district, as stated in Paragraph 3. Otherwise denied, including the inference that Plaintiff purports to state valid claims or is entitled to any relief.

5. Admitted that Plaintiff has purported to bring an action for allegations of the sort alleged in Paragraph 5, but Defendant otherwise denies this paragraph, including Plaintiff's assertion that she has stated valid claims or is entitled to relief.

## General Allegations

6. Defendant repeats its answers to Paragraphs 1 through 5, as if fully set forth herein.

7. Admitted that Plaintiff identifies herself as an African-American woman. Admitted that Defendant hired Plaintiff but denied that this was "on or about April 14, 2016." Admitted that her last position was Technical Support Specialist and that she worked on matters at Defendant's Grand Rapids and Lansing offices.

8. Admitted that Plaintiff's employment with Defendant included the years 2016 through 2019. Denied that she had no performance issues during this timeframe. Admitted that Plaintiff received satisfactory reviews and received merit increases during the 2016-2019 timeframe.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted only that Plaintiff made a request for sensitivity training while the firm was in the middle of firmwide anti-harassment training, despite the fact that the training already included this topic. Otherwise, denied.

15. Admitted only that on May 29, 2020, Angie Waltz—an administrative assistant—wrote an email relating to a technical problem with her ability to review documents that stated, in full: "OMGosh… I wish things would stay the same each day…! Everyday is a new beginning!!! BREATHING!!!" Denied that the email referenced the George Floyd incident in any way.

16. Admitted that Plaintiff complained about the email to Defendant's Office Administrator, and that Defendant's Chief Human Resources Officer Ayanna Clinton, an African-American woman, responded that "nothing stated in the email

was disrespectful or targeted at you or anyone else" and that "While our firm and community as a whole has certainly been impacted by recent national events, to find any malicious intent in Angie's statements about her computer challenges that morning requires the comments to be taken out of context."

17. Denied.

18. Admitted that Defendant was put on a performance improvement plan on or about July 10, 2020. Otherwise denied, including the false allegations that the PIP was in retaliation for her complaint about the Waltz email.

19. Denied.

20. Admitted that Plaintiff had performance issues as identified in the PIP; otherwise, Paragraph 20 is denied, including the allegation that the performance issues identified were "false."

21. Admitted only that follow-up meetings regarding the PIP took place; otherwise, Paragraph 20 is denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Admitted that Defendant was Plaintiff's employer during the May 2020 to October 1, 2020 time period at issue; otherwise denied, including the implication that anything in this case reflects a violation of the Michigan Elliott-Larsen Civil Rights Act.

30. Admitted only that Plaintiff was an employee of Defendant from her hire date in 2015 through her October 1, 2020 termination. Otherwise denied.

31. Denied.

## COUNT I
### (Alleged) Violation of 42 U.S.C. § 1981

32. Defendant incorporates by reference its responses to paragraphs 1 through 31 of the Answer as if set forth fully herein.

33. Admitted that 42 U.S.C. § 1981 contains certain prohibitions against race-based discrimination but denied that Plaintiff suffered discriminatory treatment or harassment based on her race as alleged.

34. Admitted that Defendant employed Plaintiff.

35. Denied that this Paragraph fully and accurately summarizes the scope of 42 U.S.C. § 1981; further denied that Plaintiff suffered unlawful discrimination in her employment as alleged.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

## COUNT II
### (Alleged) Violation of MCLA 37.2201 *et seq.*

41. Defendant incorporates by reference its responses to paragraphs 1 through 40 of the Answer as if set forth fully herein.

42. Denied.

43. Denied.

44. Admitted that MCL 37.2201 *et seq.* contains certain prohibitions on race discrimination and retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes the Elliot-Larsen Civil Rights Act, and denied that she suffered any racial discrimination or retaliation.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted that there are statutory prohibitions regarding racial discrimination; otherwise, this paragraph is denied, including denied that Plaintiff

fully and accurately summarizes those statute(s) and denied that Plaintiff was discriminated against, harassed, or treated differently because of her race.

50.  Denied.

51.  Denied.

52.  Denied.

Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

## COUNT II [*sic*]
## (Alleged) Retaliation

53.  Defendant incorporates by reference its responses to paragraphs 1 through 52 of the Answer as if set forth fully herein.

54.  Admitted only that MCL 37.2201 *et seq.* contains certain prohibitions on retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes that statute, and denied that she suffered any retaliation.

55.  Admitted only that 42 U.S.C. § 1981 has been interpreted to contain certain prohibitions on retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes that case law, and denied that Plaintiff suffered any retaliation.

56.  Admitted that Defendant employed Plaintiff.

57.  Denied.

58.  Denied.

59. Denied.

Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Dykema Gossett PLLC respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs and attorney's fees in defending this action.

        Respectfully submitted,

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.L.C.

        By: */s/Thomas J. Davis*
           Elizabeth Hardy (P37426)
           Thomas J. Davis (P78626)
        Attorneys for Defendant
        280 N. Old Woodward Ave., Ste. 400
        Birmingham, MI  48009
        (248) 645-0000
        ehardy@khvpf.com
        tdavis@khvpf.com

Dated:  October 24, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

    Plaintiff,

v.

DYKEMA GOSSETT, P.L.L.C,

    Defendant.

Case No. 22-cv-11733

Honorable Gershwin A. Drain

Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| SCOTT P. BATEY (P54711)<br>Batey Law Firm, PLLC<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI 48025<br>Phone:  (248) 540-6800<br>Fax:  (248) 540-6814<br>sbatey@bateylaw.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>Elizabeth P. Hardy (P37426)<br>Thomas J. Davis (P78626)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave.<br>Ste. 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>tdavis@khvpf.com |

**Affirmative Defenses**

NOW COMES Defendant Dykema Gossett, P.L.L.C., by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and for its affirmative defenses, states the following:

1. Venue, for convenience of the parties and witnesses and in the interest of justice, should be transferred to the United States District Court for the Western District of Michigan.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to follow statutory procedures, and/or by the doctrine of laches or estoppel.

3. Plaintiff's claims are barred by her failure to take advantage of preventive or corrective opportunities, failure to comply with legally mandated processes or procedures, and failure to exhaust administrative remedies.

4. Plaintiff's claims for punitive and exemplary damages are contrary to established law.

5. Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate alleged losses.  Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits, and benefits received by Plaintiff.

6. All of Defendant's actions concerning Plaintiff were for legitimate, non-discriminatory reasons.

7. Plaintiff's damages or losses, if any, are the direct and proximate result of her own actions and omissions.

8. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

9. Plaintiff's claims are barred, in whole or in part, by worker's compensation exclusivity.

10. Defendant reserves the right to amend, add, or delete affirmative defenses as they become known throughout the course of this lawsuit.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: /s/ Thomas J. Davis
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: October 24, 2022

## Certificate of Service

  I hereby certify that on October 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

            */s/ Thomas J. Davis*
            Thomas J. Davis (P78626)
            Kienbaum Hardy Viviano
            Pelton & Forrest, P.L.C.
            280 N. Old Woodward Avenue, Suite 400
            Birmingham, MI  48009
            (248) 645-0000
            tdavis@khvpf.com

461921