UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

      Plaintiff,

v.

DYKEMA GOSSETT, P.L.L.C,

      Defendant.

Case No. 22-cv-1021

Hon. Jane M. Beckering

Magistrate Judge Ray Kent

**Corrected Answer and Affirmative Defenses to
Plaintiff's Complaint and Jury Demand**

NOW COMES Defendant DYKEMA GOSSETT, P.L.L.C, by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and in answer to Plaintiff's Complaint, states the following:

## Jurisdiction and Parties

1.      Plaintiff, Heather Taylor-Livas, is a resident of the City of Lansing, County of Ingham and State of Michigan.

**Answer:**  Defendant lacks current knowledge or information sufficient to form a belief about the truth of this allegation, but admits that Plaintiff had previously represented, while an employee, that she was a resident of Lansing, Ingham County, Michigan.

2.      Defendant, Dykema Gossett P.L.L.C., (hereinafter "Dykema") is a domestic limited liability company whose resident agent is The Corporation Company, and whose registered office address is 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

**Answer:**  Denied that Defendant is a domestic limited liability company; it is a domestic professional limited liability company. Otherwise, admitted.

3.      The events producing the original injury occurred in the County of Ingham, State of Michigan, and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 1331, 1367, and 1391(b) & (c).

**Answer:**  Denied that there was any cognizable injury but admitted that the allegations in the complaint relate to Ingham County, Michigan. It is further denied that Ingham County falls within the boundaries of the United States District Court for the Eastern District of Michigan. Rather, Ingham County falls within the United States District Court for the Western District of

1

Michigan. Admitted that the Court has subject matter jurisdiction of Plaintiff's federal statutory claim under 28 U.S.C. § 1331 and supplemental jurisdiction of Plaintiff's related state claims under 28 U.S.C. § 1367. Insofar as Plaintiff fails to identify which subpart(s) of 28 U.S.C. §§ 1391(b) and 1391(c) she relies upon for venue, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. However, denied that the Eastern District of Michigan is the appropriate venue for this matter given Plaintiff's erroneous assertion about which federal judicial district encompasses Ingham County. If not dismissed, this case should be transferred to the Western District of Michigan where the events alleged would have occurred.

4.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Honorable Court.

**Answer:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations as to amount in controversy. Admitted that this Court has subject-matter jurisdiction. Denied that venue is appropriate in this district, as stated in Paragraph 3. Otherwise denied, including the inference that Plaintiff purports to state valid claims or is entitled to any relief.

5.     Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination and adverse employment actions which resulted in both economic and emotional damages to Plaintiff in violation of 42 U.S. Code § 1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq*.

**Answer:**  Admitted that Plaintiff has purported to bring an action for allegations of the sort alleged in Paragraph 5, but Defendant otherwise denies this paragraph, including Plaintiff's assertion that she has stated valid claims or is entitled to relief.

## General Allegations

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

**Answer:**  Defendant repeats its answers to Paragraphs 1 through 5, as if fully set forth herein.

7.      Plaintiff is an African-American woman who was hired by Defendant on or about April 14, 2016, and last worked as the primary Technical Support Specialist for Defendant's Grand Rapids and Lansing offices.

**Answer:**   Admitted that Plaintiff identifies herself as an African-American woman. Admitted that Defendant hired Plaintiff but denied that this was "on or about April 14, 2016." Admitted that her last position was Technical Support Specialist and that she worked on matters at Defendant's Grand Rapids and Lansing offices.

8.      Plaintiff worked for Defendant from in or around 2016, to in or around 2019, with no performance issues, and has instead received satisfactory reviews and merit increase for her job performance.

**Answer:**  Admitted that Plaintiff's employment with Defendant included the years 2016 through 2019. Denied that she had no performance issues during this timeframe. Admitted that

Plaintiff received satisfactory reviews and received merit increases during the 2016-2019 timeframe.

9.      During the course of her employment, Plaintiff was one of only 4 African Americans employed by Defendant in its technology department at its Lansing location, out of over 27 employees.

**Answer:**  Denied.

10.      Before Plaintiff was terminated, the other three African American employees had all been terminated, leaving Plaintiff as the only African American employee in the Technical Support Department.

**Answer:**  Denied.

11.      Defendant did not dismiss any other Caucasian employees at this time.

**Answer:**  Denied.

12.      All of the terminated African American employees were replaced by Caucasians.

**Answer:**  Denied.

13.      From the very start of her employment, Plaintiff was treated differently on the basis of her race.

**Answer:**  Denied.

14.     Plaintiff repeatedly asked for diversity and sensitivity training for the company.

**Answer:**  Admitted only that Plaintiff made a request for sensitivity training while the firm was in the middle of firmwide anti-harassment training, despite the fact that the training already included this topic. Otherwise, denied.

15.     On or about May 29, 2020, four days after the George Floyd incident occurred, Plaintiff received an email from Defendant's agent Angie Waltz stated, in effect, that she was glad to be "Breathing!"

**Answer:**  Admitted only that on May 29, 2020, Angie Waltz—an administrative assistant—wrote an email relating to a technical problem with her ability to review documents that stated, in full: "OMGosh… I wish things would stay the same each day…! Everyday is a new beginning!!! BREATHING!!!" Denied that the email referenced the George Floyd incident in any way.

16.     Plaintiff complained to HR about the comment that was made and that it was racially insensitive.

**Answer:**  Admitted that Plaintiff complained about the email to Defendant's Office Administrator, and that Defendant's Chief Human Resources Officer Ayanna Clinton, an African-American woman, responded that "nothing stated in the email was disrespectful or targeted at you or anyone else" and that "While our firm and community as a whole has certainly been impacted by recent national events, to find any malicious intent in Angie's statements about her computer challenges that morning requires the comments to be taken out of context."

17.     After this complaint and her repeated complaints about racial inequities in the workplace, Plaintiff experienced effects of severe and pervasive racism from Defendant.

**Answer:** Denied.

18.     In retaliation for her complaint, on or about July 10, 2020, Defendant issued Plaintiff a 60-day Performance Improvement Plan (PIP).

**Answer:** Admitted that Defendant was put on a performance improvement plan on or about July 10, 2020. Otherwise denied, including the false allegations that the PIP was in retaliation for her complaint about the Waltz email.

19.     After the 60-day period was complete, Plaintiff was not notified of her PIP or job status.

**Answer:** Denied.

20.     In the months that followed, Defendant made false allegations that Plaintiff was a grossly incompetent employee, despite Plaintiff having several years of effective experience for Defendant.

**Answer:** Admitted that Plaintiff had performance issues as identified in the PIP; otherwise, Paragraph 20 is denied, including the allegation that the performance issues identified were "false."

21.     In or around August 2020, Plaintiff was forced to attend regular "corrective" sessions with Defendant's management in which they made unsubstantiated assertions with missing facts, cutting Plaintiff off when she tried to speak.

6

**Answer:** Admitted only that follow-up meetings regarding the PIP took place; otherwise, Paragraph 21 is denied.

22.     The allegations against Plaintiff in the August 2020 meetings were not even related to the issues alleged in the PIP, showing that Defendant was creating pretext for which to terminate Plaintiff.

**Answer:** Denied.

23.     Plaintiff's work was more closely scrutinized and overanalyzed by Defendant, then similarly situated Caucasian employees.

**Answer:** Denied.

24.     Defendant managers retroactively searched through Plaintiff's old work tickets, looking for problems and asking other employees to forward problems that they have had with Plaintiff to the Human Resources Department.

**Answer:** Denied.

25.     On or about October 1, 2020, Defendant terminated Plaintiff.

**Answer:** Admitted.

26.     Defendant's adverse employment actions were clearly pre-textual and in retaliation for Plaintiff reporting different incidents of racial discrimination to the Human Resources Department.

**Answer:**  Denied.

27.    Defendant's attempts to justify Plaintiff's termination were clearly pretextual and the real reason she was demoted was due to her race, and/or retaliation for her complaints of unfair treatment.

**Answer:**  Denied.

28.    The harassment and discrimination took place on a regular basis over several months, causing a hostile and offensive work environment due to Plaintiff's race.

**Answer:**  Denied.

29.    During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*.

**Answer:**   Admitted that Defendant was Plaintiff's employer during the May 2020 to October 1, 2020 time period at issue; otherwise denied, including the implication that anything in this case reflects a violation of the Michigan Elliott-Larsen Civil Rights Act.

30.    At all times relevant, Plaintiff was acting as an employee of Defendant.

**Answer:**  Admitted only that Plaintiff was an employee of Defendant from her hire date in 2015 through her October 1, 2020 termination.  Otherwise denied.

8

31.     Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

**Answer:**  Denied.

<div align="center">

**COUNT I**
**(Alleged) Violation of 42 U.S.C. § 1981**

</div>

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

**Answer:**  Defendant incorporates by reference its responses to paragraphs 1 through 31 of the Answer as if set forth fully herein.


33.     Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment including termination from her employer and/or supervisors based upon her race.

**Answer:**  Admitted that 42 U.S.C. § 1981 contains certain prohibitions against race-based discrimination but denied that Plaintiff suffered discriminatory treatment or harassment based on her race as alleged.


34.     While employed by Defendant, Plaintiff was subject to a private contractual agreement, by which Plaintiff was paid to work for Defendant.

**Answer:**  Admitted that Defendant employed Plaintiff.


35.     During her employment with Defendant, Plaintiff was entitled to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, free from discrimination.

<div align="center">

9

</div>

**Answer:**  Denied that this Paragraph fully and accurately summarizes the scope of 42 U.S.C. § 1981; further denied that Plaintiff suffered unlawful discrimination in her employment as alleged.

36.     Defendant discriminated against Plaintiff by terminating her and treating her differently than similarly situated Caucasian employees based on her race.

**Answer:**  Denied.

37.     Plaintiff's race was the sole reason for Defendants' decisions, actions, treatment, conduct and attitude towards Plaintiff.

**Answer:**  Denied.

38.     Defendant's conduct towards Plaintiff was intentional and motivated by Plaintiff's race as an African American.

**Answer:**  Denied.

39.     Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

**Answer:**  Denied.

40.     Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages

including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

**Answer:**  Denied.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

**Answer:**  Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

## COUNT II
### (Alleged) Violation of MCLA 37.2201 *et seq.*

41.    Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint as though fully set forth herein.

**Answer:**  Defendant incorporates by reference its responses to paragraphs 1 through 40 of the Answer as if set forth fully herein.

42.    Plaintiff was subjected to unwelcome conduct including adverse employment action due to her race.

**Answer:**  Denied.

43.     The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

**Answer:**  Denied.


44.     Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, _et seq._ Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation based upon her race.

**Answer:**   Admitted that MCL 37.2201 _et seq._ contains certain prohibitions on race discrimination and retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes the Elliot-Larsen Civil Rights Act, and denied that she suffered any racial discrimination or retaliation.


45.     Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

**Answer:**  Denied.


46.     Plaintiff was subjected to repeated and continuous discriminatory treatment based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

**Answer:**  Denied.

12

47.     Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

**Answer:**  Denied.

48.     Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

      a.   Violating the laws against discrimination by engaging in racial discrimination in the workplace;

      b.   Imposing discipline based on race;

      c.   Taking adverse employment action against Plaintiff based upon her race;

      d.   Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race and national origin; and

      e.   Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race.

**Answer:**  Denied.

49.     Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

**Answer:**  Admitted that there are statutory prohibitions regarding racial discrimination; otherwise, this paragraph is denied, including denied that Plaintiff fully and accurately summarizes those statute(s) and denied that Plaintiff was discriminated against, harassed, or treated differently because of her race.

50.     Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

13

    a.  Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b.  Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c.  Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d.  Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

**Answer:**  Denied.


51.    As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

**Answer:**  Denied.


52.    Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

**Answer:**  Denied.


WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

**Answer:**  Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

## COUNT II [*sic*]
### (Alleged) Retaliation

53.    Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

**Answer:**  Defendant incorporates by reference its responses to paragraphs 1 through 52 of the Answer as if set forth fully herein.

54.    Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her engaging in protected activities of complaining of race discrimination to her employer.

**Answer:**   Admitted only that MCL 37.2201 *et seq.* contains certain prohibitions on retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes that statute, and denied that she suffered any retaliation.

55.    Pursuant to 42 USC § 1981, Plaintiff is guaranteed the right to be free from retaliation based on her complaints of discrimination that interfered with her ability to make and enforce contracts.

**Answer:**  Admitted only that 42 U.S.C. § 1981 has been interpreted to contain certain prohibitions on retaliation; otherwise denied, including denied that this Paragraph fully and accurately summarizes that case law, and denied that Plaintiff suffered any retaliation.

15

56.     Defendant was Plaintiff's employer within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

**Answer:**  Admitted that Defendant employed Plaintiff.

57.     During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination, creating a hostile work environment by Defendant.

**Answer:**  Denied.

58.     The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

**Answer:**  Denied.

59.     As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

**Answer:**  Denied.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

**Answer:**   Defendant acknowledges Plaintiff makes an alleged Request for Relief, but denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Dykema Gossett PLLC respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its costs and attorney's fees in defending this action.

<div style="margin-left: 40%;">

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

</div>

Dated:  November 4, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

     Plaintiff,

v.

DYKEMA GOSSETT, P.L.L.C,

     Defendant.

Case No. 22-cv-1021

Hon. Jane M. Beckering

Magistrate Judge Ray Kent

---

## Affirmative Defenses

NOW COMES Defendant Dykema Gossett, P.L.L.C., by and through its attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and for its affirmative defenses, states the following:

1.     Venue, for convenience of the parties and witnesses and in the interest of justice, should be transferred to the United States District Court for the Western District of Michigan.

2.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to follow statutory procedures, and/or by the doctrine of laches or estoppel.

3.     Plaintiff's claims are barred by her failure to take advantage of preventive or corrective opportunities, failure to comply with legally mandated processes or procedures, and failure to exhaust administrative remedies.

4.     Plaintiff's claims for punitive and exemplary damages are contrary to established law.

5.     Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate alleged losses.  Alternatively, any claim for relief must be set off and/or reduced by wages,

compensation, pay and benefits or other earnings or remunerations, profits, and benefits received by Plaintiff.

6.     All of Defendant's actions concerning Plaintiff were for legitimate, non-discriminatory reasons.

7.     Plaintiff's damages or losses, if any, are the direct and proximate result of her own actions and omissions.

8.     Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

9.     Plaintiff's claims are barred, in whole or in part, by worker's compensation exclusivity.

10.    Defendant reserves the right to amend, add, or delete affirmative defenses as they become known throughout the course of this lawsuit.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: /s/ Thomas J. Davis
     Elizabeth Hardy (P37426)
     Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: November 4, 2022     tdavis@khvpf.com

**Certificate of Service**

I hereby certify that on November 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

<div style="margin-left: 40%;">

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com

</div>

463290