UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

    Plaintiff,                            Case No. 22-cv-1021

v.                                       Hon. Jane M. Beckering

DYKEMA GOSSETT, P.L.L.C.,       Magistrate Judge Ray Kent

    Defendant.

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone:  (248) 540-6800
Fax:  (248) 540-6814
sbatey@bateylaw.com

ELIZABETH HARDY (P37426)
THOMAS J. DAVIS (P78626)
Kienbaum Hardy Viviano
  Pelton & Forrest, P.L.C.
Attorneys for Defendant
280 North Old Woodward Ave., Ste. 400
Birmingham, MI  48009
Phone:  (248) 645-0000
Fax:  (248) 458-4581
ehardy@khvpf.com
tdavis@khvpf.com

**Parties' Joint Status Report Pursuant to Court's November 7, 2022 Order**

A Rule 16 Scheduling Conference is scheduled for December 15, 2022 before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

- Scott P. Batey for Plaintiff
- Thomas J. Davis for Defendant

1.   **Jurisdiction**:  The basis for the Court's jurisdiction is under 28 U.S.C. § 1331 for the federal statutory claim, and there is supplemental jurisdiction of Plaintiff's related state claims under 28 U.S.C. § 1367.

2. **Jury or Non-Jury**:  This case is to be tried before a jury.

3. **Judicial Availability**:  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**:

   Plaintiff, an African-American woman, claims she was subjected to a hostile work environment when Defendant terminated her based on false allegations of performance issues which were pretext for terminating her due to her race and in retaliation for her complaining about an a racially insensitive email.

   Defendant denies that Plaintiff was terminated due to her race or in retaliation for her complaint. Rather, Plaintiff was terminated due to performance issues documented on a performance improvement plan.

   The parties anticipate that the case will require legal and factual resolution typical of employment discrimination claims, including application of the *McDonnell Douglas* burden-shifting pretext at the summary judgment stage.

5. **Prospects of Settlement**:  The parties are open to settlement discussions, and are discussing potential voluntary private facilitation. There are no unusual obstacles to settlement.

6. **Pendent State Claims**:  This case includes pendent state claims to the federal Section 1981 race discrimination and retaliation claims; *i.e.*, a race discrimination claim and a retaliation claim under the Michigan Elliott-Larsen Civil Rights Act.

7. **Joinder of Parties and Amendment of Pleadings**:  The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **January 17, 2023**.

8. **Disclosures and Exchanges**:
   a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: both parties to serve initial disclosures by **January 9, 2023**.
   b. The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by **April 17, 2023**. Defendant expects to be able to furnish the names of defendant's expert witness(es) by **May 15, 2023**.
   c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:
      i. Plaintiff's Expert's Report: **May 1, 2023**
      ii. Defendant's Expert Report: **May 29, 2023**
   d. The parties are unable to agree on voluntary production at this time.

3

9. **Discovery**: The parties believe that all discovery proceedings can be completed by **July 7, 2023**. The parties recommend the following discovery plan:

   a. <u>Changes to the Timing, Form, or Requirements of Rule 26(a); Initial Disclosure Date</u>. The parties do not propose any changes to the discovery rules pertaining to required disclosures, and have agreed to exchange their initial disclosures by **January 6, 2023.**

   b. <u>Discovery Subjects; Discovery Deadlines</u>.  Plaintiff anticipates the need to conduct discovery regarding the facts set forth in Plaintiff's complaint and Defendant's answer and affirmative defenses. Defendant anticipates the need to conduct discovery regarding the factual and legal bases for the claims of alleged wrongdoing asserted in Plaintiff's complaint, her alleged damages, and her mitigation efforts. The parties anticipate being able to complete discovery by **July 7, 2023.**

   c. <u>Issues about Disclosure, Discovery, or ESI</u>.  This case is not expected to involve substantial electronic data. Defendant anticipates that it will produce relevant emails. The parties agree that electronic data may be provided as paper copies or .pdf files, but that a party may request that specific documents be provided in native format if the party deems native format necessary.

   d. <u>Issues of Privilege; Need for Protective Order</u>.  The parties do not anticipate significant issues of privilege to arise, although Defendant's status as a law firm will require particular sensitivity to this issue. The parties anticipate drafting a mutually-agreeable protective order regarding the production of documents in this case. Moreover, the parties agree that the Court should enter an order under Federal Rule of Evidence 502(d) regarding privileged material, and will include such language in the proposed protective order.

    e.  <u>Proposed Changes to Discovery Limitations</u>.  The parties do not propose changes to the discovery limitations set forth in the Federal Rules.

    f.  <u>Any Other Necessary Orders</u>.  The parties do not anticipate the need for additional orders at this time.

10.  **Disclosure or Discovery of Electronically Stored Information:**  The parties have discussed the production of electronically stored information and suggest that such information be handled as discussed at ¶ 9.c, above.

11.  **Assertion of Claims of Privilege or Work−Product Immunity After Production:**  Per ¶ 9.d above, the parties anticipate requesting a Rule 502(d) order with respect to privileged documents.

12.  **Motions**:  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate. The following dispositive motions are contemplated by each party: a motion for summary judgment by Defendant. The parties anticipate that all dispositive motions will be filed by **August 21, 2023.**

13.  **Alternative Dispute Resolution:**  In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties believe that an initial exchange of written

discovery and the deposition of Plaintiff is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective, but before the parties expend significant resources on dispositive motions. The parties recommend that this case be submitted to voluntary facilitative mediation.

14.  **Length of Trial:**  Counsel cannot currently estimate the trial length without some initial discovery, including the Plaintiff's deposition.

15.  **Electronic Document Filing System:**  Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16.  **Other:**  The parties do not believe there are special characteristics to this case that may warrant extended discovery or accelerated disposition by motion.

<div style="text-align:center">Jointly submitted,</div>

| | |
|---|---|
| BATEY LAW FIRM, PLLC | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C. |
| By: /s/Scott P. Batey (with permission)<br>　　Scott P. Batey (P54711)<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI 48025<br>Phone:  (248) 540-6800<br>Fax:  (248) 540-6814<br>sbatey@bateylaw.com | By: /s/Thomas J. Davis<br>　　Elizabeth Hardy (P37426)<br>　　Thomas J. Davis (P78626)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, Michigan 48009<br>(248) 645-0000 (Office)<br>(248) 4584581 (Fax)<br>ehardy@khvpf.com<br>tdavis@khvpf.com |
| Dated:  December 6, 2022 | Dated:  December 6, 2022 |

**Certificate of Service**

　　I hereby certify that on November 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

<div style="margin-left:50%">/s/ Thomas J. Davis<br>Thomas J. Davis (P78626)<br>Kienbaum Hardy Viviano<br>Pelton & Forrest, P.L.C.<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>tdavis@khvpf.com</div>

463274