UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

    Plaintiff,

v.

    Case No. 1:22-cv-1021

DYKEMA GOSSETT P.L.L.C.,

    HON. JANE M. BECKERING

    Defendant.

_____/

## CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    601 Federal Bldg, 110 Michigan St NW<br>            Grand Rapids, MI 49503<br>Before:  Jane M. Beckering<br>**Counsel and the parties shall be present in the courtroom at 8:30 am to address any preliminary matters.** | To Be Determined |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 4 days |
| Motions to Join Parties or Amend Pleadings | JANUARY 17, 2023 |
| Rule 26(a)(1) Disclosures                Plaintiff:<br>                                                      Defendant: | JANUARY 9, 2023<br>JANUARY 9, 2023 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (Rule 26(a)(2)(A))    Plaintiff:<br>                                                        Defendant: | APRIL 17, 2023<br>MAY 15, 2023 |
| Disclosure of Expert Witness Reports (Rule 26(a)(2)(B))    Plaintiff:<br>                                                        Defendant:<br>                                                      Rebuttal Reports: | MAY 1, 2023<br>MAY 29, 2023 |
| Voluntary Exchange of Documents         Plaintiff:<br>                                                        Defendant: | N/A<br>N/A |
| Completion of Discovery | JULY 7, 2023 |
| Dispositive Motions | AUGUST 21, 2023 |
| Motions in Limine | N/A |
| Interrogatories will be limited to:<br>(Single Part Questions) | 25 single part questions |

| | |
|---|---|
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to:<br>(Per Side) | 10 per side |
| Requests for Production of Documents will be limited to:<br>(Per Side) | 20 per side |
| Settlement Conference                                    Date<br>                                                                   Time<br>                                                                   Before | None at this time |
| Final Pretrial Conference                               Date:<br>Before Judge Jane M. Beckering                 Time | TO BE DETERMINED |
| ADR To Take Place On Or Before: | NONE AT THIS TIME |

1. <u>TRIAL DATE AND SETTING</u>:  This case is scheduled for trial before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan, as set forth above.

2. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>:  All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3. <u>DISCLOSURES AND EXCHANGES</u>:  Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. <u>MOTIONS</u>:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They may be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If the dispositive motion is based on depositions, the Court prefers that parties file the entire deposition transcript with the relevant portions highlighted.  Alternatively, a party may file only those excerpts that are relevant to the motion.  If the dispositive motion references answers to interrogatories as a supporting

      document, then only those excerpts that are relevant to the motion shall be filed.  The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule.  **Pursuant to Administrative Order 07-026, one courtesy copy of all dispositive motion papers (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers on paper.  The copy must be hand-delivered or sent via first class mail the same day the document is e-filed.**

    c.    Motions in limine must be filed by the date set forth in the table above.

6.    ALTERNATIVE DISPUTE RESOLUTION:  No form of ADR will be ordered at this time

7.    SETTLEMENT CONFERENCE:  The parties are under an ongoing obligation to engage in good faith settlement negotiations.  No settlement conference has been scheduled at this time.

8.    FINAL PRETRIAL CONFERENCE:  A final pretrial conference is scheduled before the Honorable Jane M. Beckering, 601 Federal Building, 110 Michigan St NW, Grand Rapids, Michigan, as set forth above.

9.    PREPARATION OF PROPOSED FINAL PRETRIAL ORDER:  A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

A final pretrial conference was held on the ___ day of _____.  Appearing for the parties as counsel were:

    (List the counsel who will attend the pretrial conference.)

    1.    <u>Exhibits</u>:  The following exhibits will be offered by the plaintiff and the defendant:

    (List jointly [JT EX ___] all exhibits, including demonstrative evidence and summaries of other evidence.  Exhibits expected to be used solely for impeachment purposes need not be identified until trial.  The exhibits shall be identified on a form similar to Attachment 1, attached to these Guidelines.  The complete list of exhibits on a form similar to Attachment 1 must be produced at the final pretrial conference.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial.  Plaintiff shall use numbers [1-99]; defendant shall use letters [A-Z].  Where the parties are unable to agree on the inclusion of an exhibit, indicate with respect to each exhibit whether and for what reason its admissibility is contested.  Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3).)

    2.    <u>Uncontroverted Facts</u>:  The parties have agreed that the following may be accepted as established facts:

    (State in detail all uncontroverted facts.)

3.     <u>Controverted Facts and Unresolved Issues</u>:  The factual issues remaining to be determined and issues of law for the Court's determination are:

(Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4.     <u>Witnesses</u>:

    a.     Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b.     Expert witnesses to be called by the plaintiff and the defendant, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific, technical, or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

    c.     It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5.     <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6.     <u>Length of Trial</u>:  Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case;

    \_\_\_\_\_ days for other parties.  In the event the Court imposes limits prior to the final pretrial conference, the parties' proposed pretrial order must include those limits.

7. <u>Prospects of Settlement</u>:  The current status of settlement negotiations is:

    (Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order shall be signed by all counsel, signifying their acceptance. Upon approval by the Court, with such additions, deletions, or modifications as are necessary, the Final Pretrial Order will be entered.

10. <u>SUBMISSIONS BEFORE THE FINAL PRETRIAL CONFERENCE</u>: At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

    a. Trial briefs.

    b. A joint statement of the case and statement of the elements of the claims.  Unless the case is very complex, the joint statement of the case should not exceed one paragraph.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed.  The purpose of the joint statement of the case is to summarize the nature of the case. [In a jury trial, the statement(s) of the case will be read to prospective jurors during jury selection.  The elements of the claims will be included in the preliminary jury instructions.]

    c. Proposed voir dire questions.  The Court will ask basic voir dire questions.  Counsel for the parties will be permitted to question prospective jurors.  Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

11. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:  At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including:

    a. Jury Selection Procedure, and

    b. Jury Instructions.

Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

12. <u>PREPARATION FOR TRIAL</u>:  The parties shall **<u>jointly</u>** file by means of the Court's CM/ECF system the following not later than **seven (7) days** prior to the trial:

    a. Joint proposed jury instructions.  The parties shall electronically file one joint set of instructions and shall make every reasonable effort to agree on the substantive instructions

stating the elements of the claims and defenses. This court uses Western District of Michigan's Standardized Civil Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov).[1] The court generally uses O'Mally, Grenig, & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. All instructions, including those to which there is an objection, shall be filed as one document. Each instruction shall be submitted in full text, one instruction per page, and in the order to be read to the jury. Indicate those instructions with outstanding objections. No instruction submitted shall contain highlighting or blanks. If the language of a standardized instruction is modified, or an additional (non-standard) instruction submitted, the source of the additional language or instruction must be indicated. Objections to opposing counsel's proposed instructions, will be specified with a summary of the reasons for each objection including a citation to relevant legal authority.

1. Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

2. For standard instructions with blanks or language in brackets, fill in the blanks and modify or delete the language, as applicable.

3. If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

4. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons and legal authority for each objection. Place each objection at the bottom of the specific instruction page. The parties must make every reasonable effort to agree on the substantive instructions stating the elements of the claim.

   b. Joint proposed jury verdict form(s).

Counsel are required to submit a copy of the joint statement of the case and statement of the elements, joint proposed jury instructions, joint proposed verdict form(s), exhibit lists, and witness lists in an editable word processing format to Judge Beckering's Judicial Assistant, Lauren Packard at Lauren_Packard@miwd.uscourts.gov and Case Manager, Rick Wolters at Rick_Wolters@miwd.uscourts.gov.

---

[1] The instructions can be located through the Attorney Information link or through the Electronic Filing section. If accessing through the Electronic Filing section, you will need to use your E-Filing Login and Password. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

**Counsel and the parties shall comply with the current version of Judge Beckering's Information and Guidelines for Civil Practice** (available on the court's website).


Dated:  December 15, 2022                                    /s/ Ray Kent
                                                             RAY KENT
                                                             UNITED STATES MAGISTRATE JUDGE